UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

EDWARD THOMAS KENNEDY, :
:
Plaintiff/Appellant, :
: NO. 2018-2203
v. :
:
JOSEPH N. HANNA, ET AL., :
:
Defendants/Appellees. :

**DEFENDANTS/APPELLANTS', JOSEPH N. HANNA, JOHN DOE NO. 1, JOHN DOE NO. 2, COUNTY OF LEHIGH, PHILLIPS ARMSTRONG, RESPONSE TO THIS COURT'S ORDER OF SEPTEMBER 11, 2018**

Defendants' Joseph N. Hanna, John Doe No. 1, John Doe No. 2, County of Lehigh and Phillips Armstrong, ("Responding Defendants/Appellees") by and through their counsel, David M. Backenstoe, Esquire file this response in accordance with this Court's Order filed September 11, 2018 directing that within 30 days from the date of the filing of the Order, the parties are directed to respond as to whether the Appeal filed by Plaintiff/Appellant should be transferred or dismissed.

It is respectfully submitted for the reasons further set forth herein that the Plaintiff/Appellant's pending Appeal should be dismissed as improperly filed. In the alternative, Plaintiff/Appellant's Appeal should be transferred to the Third Circuit Court of Appeals.

**I.    INTRODUCTION.**

Plaintiff/Appellant filed a Complaint in the Eastern District of Pennsylvania seeking damages against two (2) municipal entities and law enforcement officials in connection with his arrest in June and August, 2017. On or about July 19, 2018, Responding Defendants filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim. Doc. No. 33. Plaintiff then filed several notices and objections. See, Doc. Nos. 34 and 35. Plaintiff objected to the Motion

1

alleging that counsel for Responding Defendants claimed to be royalty, had no authority to file a proposed Order, and that one of the named Defendants failed to post a Bond. Thereafter, Plaintiff filed a Motion for Partial Summary Judgment. Doc. No. 36[1]. Plaintiff improperly relied upon his objections as a basis for his partial summary judgment motion. As the Judge had not yet ruled on Responding Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim, no discovery had been taken, and Plaintiff had failed to provide a sufficient basis for the granting of partial summary judgment, the Honorable C. Darnell Jones II entered an Order dismissing Plaintiff's Motion for Partial Summary Judgment. Doc. No. 37. Plaintiff then filed the within Appeal to this Court. Judge Jones' Order dismissing Plaintiff's Motion for Partial Summary Judgment was not a final Order from which Plaintiff could appeal.

II. **QUESTIONS PRESENTED.**

    A. **SHOULD PLAINTIFF'S APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT BE DISMISSED?**

        **SUGGESTED ANSWER: YES**

    B. **IN THE ALTERNATIVE SHOULD PLAINTIFF'S APPEAL BE TRANSFERRED TO THE THIRD CIRCUIT COURT OF APPEALS?**

        **SUGGESTED ANSWER: YES**

---

[1] Plaintiff filed a Motion for Partial Summary Judgment. Plaintiff did not file a Statement of Undisputed Facts as required by this Court's procedures nor is there any citation to the record contained in Plaintiff's Motion for Partial Summary Judgment.

## III. ARGUMENT

**PLAINTIFF'S APPEAL SHOULD BE DISMISSED AS JUDGE C. DARNELL JONES II DID NOT ENTER A FINAL ORDER FROM WHICH AN APPEAL COULD BE TAKEN.**

Federal Rule of Civil Procedure 56 not only requires a party moving for summary judgment identify each claim on which summary judgment is sought but also requires the movant show there is no genuine dispute as to the material facts. F.R..C.P. 56. In the present matter, not only have Responding Defendants contended all allegations of the Complaint are unfounded via a motion to dismiss (Doc. No. 33), that motion has yet to be ruled upon. The standard for ruling on a motion for summary judgment as articulated by the Supreme Court in *Celotex Corp. v. Caret*, 477 U.S. 317 (1986) is as follows:

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial.

As there clearly has not been an adequate time for discovery and the pleading are still open, Plaintiff's motion was properly denied by Judge Jones as improper.

As Mr. Marksteiner, the Clerk of Court, properly points out in this Court's Order of September 11, 2018, Judge C. Darnell Jones II did not enter a final Order from which an appeal to either the U.S. Court of Appeals for the Federal Circuit or the Third Circuit Court of Appeals could be filed as it was not a final Order. As such, Plaintiff/Appellant's Appeal should be dismissed.

**B.  IN THE ALTERNATIVE THIS COURT SHOULD TRANSFER PLAINTIFF/APPELLANT'S APPEAL TO THE THIRD CIRCUIT COURT OF APPEALS.**

In the alternative, this Court should transfer Plaintiff/Appellant's Appeal to the Third

Circuit Court of Appeals. As properly pointed out by the Clerk of Court, Mr. Marksteiner, the United States Court of Appeals for the Federal Circuit is a Court of limited jurisdiction. With regard to appeals from Federal District Courts, this Court ordinarily only has jurisdiction in cases that arise under the patent laws or money/judgment claims against the United States. 28U.S.C. § 1295 (a)(1)-(2). Accordingly, this Court would not have jurisdiction over this case. Pursuant to 26 U.S.C. § 1631, this Court may transfer an Appeal to a Court in which the Appeal could have been brought at the time it was filed. An Appeal from the Eastern District of Pennsylvania should be brought in the United States Court of Appeals for the Third Circuit. Although, a final Order from which an appeal could be taken was not entered, this Appeal, if not dismissed should be transferred to United States Court of Appeals for the Third Circuit.

V.  **CONCLUSION**

For the reasons set forth herein, it is respectfully submitted by Responding Defendants/Appellees that Plaintiff/Appellee's Appeal should be dismissed. However, in the alternative, if not dismissed Plaintiff/Appellee's Appeal should be transferred to the United States Court of Appeals for the Third Circuit.

Respectfully submitted,

*/s/ David M. Backenstoe*
   David M. Backenstoe, Esquire
   ID No. 49473
   Attorney for Defendants, County
   of Lehigh, Joseph Hanna, John Doe 1 &
   2 and Phillip Armstrong, Lehigh County
   Executive
   17 South 7th Street
   Allentown, PA 18101
   (610) 838-2255

# CERTIFICATE OF SERVICE

I, David M. Backenstoe, Esquire, hereby certify that on this 5th day of October, 2018, the foregoing Response to this Court's Order of September 11, 2018 was filed electronically and is available for viewing and downloading from the United States Court of Appeals for the Federal Circuit. The following parties were served via the ECF system and First Class Mail:

Edward Thomas Kennedy
401 Tillage Road
Breingsville, PA 18031
*Pro Se Plaintiff*

David J. MacMain, Esquire
101 Lindenwood Drive, Suite 160
Malvern, PA 19355
*Attorney for Defendants Upper Macungie Township, Chief Edgardo Colon, Sgt. Stephen Marshall and Borough Manager Robert Ibach*

Date: October 5, 2018

/s/ David M. Backenstoe
David M. Backenstoe, Esquire
ID No. 49473
Attorney for Defendants, County
of Lehigh, Joseph Hanna, John Doe 1 &
2 and Phillip Armstrong, Lehigh County
Executive
17 South 7th Street
Allentown, PA 18101
(610) 838-2255