## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

EDWARD THOMAS KENNEDY,           :
                                 :
                    Plaintiff,   :
                                 :
          v.                     :    DOCKET NO. 18-2203
                                 :
   JOSEPH N. HANNA, et al.,      :
                                 :
                    Defendants.

## ORDER

**AND NOW,** this _____ day of _____, 2018, upon

consideration of Defendants Joseph N. Hanna, et al.'s Motion to Dismiss

Plaintiff's Appeal pursuant to Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C.

§ 1294(1), and 28 U.S.C. § 1291, and any response thereto, it is hereby ORDERED

that said Motion is GRANTED. Plaintiff's Appeal is hereby dismissed. In the

alternative, Defendants Joseph N. Hanna et al.'s action to the United States Court

of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1294(1) is GRANTED

and this action is transferred to the United States Court of Appeals for the Third

Circuit.

**BY THE COURT:**


_____
**J.**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

EDWARD THOMAS KENNEDY,          :
                                :
                    Plaintiff,  :
                                :
            v.                  :    DOCKET NO. 18-2203
                                :
JOSEPH N. HANNA, et al.,        :
                                :
                  Defendants.

### DEFENDANTS JOSEPH N. HANNA, COUNTY OF LEHIGH, PHILLIPS ARMSTRONG EDGARDO COLON, UPPER MACUNGIE TOWNSHIP, ROBERT IBACH, STEPHEN J. MARSHALL, JOHN DOE 1 AND JOHN DOE 2'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

Defendants, Upper Macungie Township, Edgardo Colon, Robert Ibach and

Stephen Marshall, by and through their attorneys, The MacMain Law Group, LLC,

and Defendants, County of Lehigh, Joseph N. Hanna, Phillips Armstrong, John

Doe 1 and John Doe 2, by an through their attorney, David M. Backenstoe, hereby

move this Honorable Court for an Order dismissing all claims against it in their

entirety pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §

1294(1) based on improper venue or, in the alternative, Defendants Upper

Macungie Township, Edgardo Colon, Robert Ibach, Stephen Marshall, County of

Lehigh, Joseph N. Hanna, Phillips Armstrong, John Doe 1, and John Doe 2 hereby

move this Honorable Court for an Order transferring this action to the United

States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1294(1).

The grounds of this Motion are more fully set forth in the accompanying

Brief in Support of Defendants' Motion.

Respectfully submitted,

**THE MACMAIN LAW GROUP, LLC**

Dated: <u>October 9, 2018</u>          By:    <u>*/s/ David J. MacMain*</u>
                                                    David J. MacMain
                                                    Attorney I.D. No. 59320
                                                    433 W. Market St., Suite 200
                                                    West Chester, PA 19382
                                                    *Attorney for Defendants, Upper*
                                                    *Macungie Township, Edgardo Colon,*
                                                    *Sgt. Stephen Marshall and Robert*
                                                    *Ibach*

                                          By:    <u>*/s/ David M. Backenstoe*</u>
                                                    David M. Backenstoe, Esquire
                                                    ID No. 49473
                                                    17 South 7th Street
                                                    Allentown, PA 18101
                                                    *Attorney for Defendants, Joseph N.*
                                                    *Hanna, John Doe 1 and John Doe 2,*
                                                    *Phillips Armstrong, and Lehigh*
                                                    *County*

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

EDWARD THOMAS KENNEDY,    :
                          :
            Plaintiff,    :
                          :
        v.                :    DOCKET NO. 18-2203
                          :
JOSEPH N. HANNA, et al.,  :
                          :
            Defendants.

I, David J. MacMain, Esquire, certify that I did not seek Plaintiff's

concurrence in this Motion, nor am I required to under Local Rule 7.1 as Plaintiff

is a *pro se*.

Respectfully submitted,

**THE MACMAIN LAW GROUP, LLC**

Dated: <u>October 9, 2018</u>          By:    <u>*/s/ David J. MacMain*</u>
                                              David J. MacMain
                                              Attorney I.D. No. 59320
                                              433 W. Market St., Suite 200
                                              West Chester, PA 19382
                                              *Attorney for Defendants, Upper*
                                              *Macungie Township, Edgardo Colon,*
                                              *Sgt. Stephen Marshall and Robert*
                                              *Ibach*

By:    */s/ David M. Backenstoe*
David M. Backenstoe, Esquire
ID No. 49473
17 South 7th Street
Allentown, PA 18101
*Attorney for Defendants, Joseph N.*
*Hanna, John Doe 1 and John Doe 2,*
*Phillips Armstrong, and Lehigh*
*County*

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

EDWARD THOMAS KENNEDY,  :
                        :
            Plaintiff,  :
                        :
        v.              :    DOCKET NO. 18-2203
                        :
JOSEPH N. HANNA, et al.,  :
                        :
            Defendants.

## <u>CERTIFICATE OF SERVICE</u>

I, David J. MacMain, Esquire, hereby certify that on this 9th day of October,

2018, the foregoing *Motion to Dismiss/Motion to Transfer Venue* was filed

electronically and is available for viewing and downloading from the ECF system

of the United States Court of Appeals for the Federal Circuit.

*The following party received notification of this filing via first class mail:*

Edward Thomas Kennedy
401 Tillage Road
Breinigsville, PA 18031
*Pro Se Plaintiff*

6

**THE MACMAIN LAW GROUP, LLC**

Dated: <u>October 9, 2018</u>        By:    <u>*/s/ David J. MacMain*</u>
David J. MacMain
Attorney I.D. No. 59320
433 W. Market St., Suite 200
West Chester, PA 19382
*Attorney for Defendants, Upper Macungie Township, Edgardo Colon, Sgt. Stephen Marshall and Robert Ibach*

By:    <u>*/s/ David M. Backenstoe*</u>
David M. Backenstoe, Esquire
ID No. 49473
17 South 7th Street
Allentown, PA 18101
*Attorney for Defendants, Joseph N. Hanna, John Doe 1 and John Doe 2, Phillips Armstrong, and Lehigh County*

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

EDWARD THOMAS KENNEDY,   :
:
         Plaintiff,   :
:
        v.          :    DOCKET NO. 18-2203
:
JOSEPH N. HANNA, et al.,   :
:
        Defendants.

## BRIEF IN SUPPORT OF THE MOTION TO DISMISS APPEAL, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE OF DEFENDANT ALLENTOWN POLICE DEPARTMENT

Defendants, Defendants Upper Macungie Township, Edgardo Colon, Robert Ibach, Stephen Marshall, County of Lehigh, Joseph N. Hanna, Phillips Armstrong, John Doe 1, and John Doe 2 (hereinafter "Defendants"), by and through their attorneys, The MacMain Law Group, LLC and David M. Backenstoe, hereby moves to dismiss Plaintiff's Appeal, pursuant to Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. § 1294(1), and 28 U.S.C. § 1291 or, in the alternative transfer venue to Third Circuit pursuant to 28 U.S.C. § 1294(1) on the basis of the facts and authorities set forth herein.

## I.    QUESTION PRESENTED

    **A.**    WHETHER Plaintiff S APPEAL OF ORDER DENYING PARTIAL SUMMARY JUDGEMENT IS AN APPEALABLE FINAL JUDGMENT?

    SUGGESTED ANSWER:  NO

**B.**   WHETHER VENUE IS IMPROPER IN THE UNITED STATES
COURT OF APPEALS FOR THE FEDERAL CIRCUIT?

SUGGESTED ANSWER:  YES

## II.   **IDENTIFICATION OF THE PARTIES**

*Pro se* Plaintiff Edward Thomas Kennedy (hereinafter "Plaintiff") currently

resides at 401 Tillage Road, Breinigsville, PA 18031. At the time of the incident

alleged in the Complaint, Plaintiff resided that same address.

Defendants maintain personal and business addresses within Lehigh County,

Pennsylvania.

As discussed at length herein, venue is improper as it is undisputed that

Defendants are located in Lehigh County which is in the Eastern District of

Pennsylvania, Plaintiff lives in Lehigh County in the Eastern District of

Pennsylvania, and the incidents giving rise to the present action took place in

Lehigh County in the Eastern District of Pennsylvania. This appeal arises out of a

civil action currently pending in the United States District Court of the Eastern

District of Pennsylvania. Accordingly, the claims against Defendants should be

dismissed or, in the alternative, the appeal should be transferred to the United

States Court of Appeals for the Third Circuit.

## III.   **RELEVANT PROCEDURAL HISTORY**

Plaintiff initiated this action by filing a Motion for Leave to Proceed *In

Forma Pauperis* on March 6, 2018 and a Complaint on March 23, 2018. (Docs. 1,

3). By Order dated March 23, 2018, the Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, ordered the Clerk of Court to issue process to the United States Marshall to serve Plaintiff's Complaint upon Defendants, and requested Defendants waive service. (Doc. 2). On May 18, 2018, summons was issued as to Defendants and provided to the United States Marshall for service. (Doc. 8). Among numerous other court filings, on July 23, 2018, Plaintiff filed a Second Motion for Partial Judgment and supporting Brief. (Docs. 36).

On July 26, 2018, the Honorable C. Darnell Jones, II, denied Plaintiff's Second Motion for Partial Summary Judgement.  Plaintiff filed notice of appeal to this court on July 27, 2018 of that Order.

## IV.   <u>STATEMENT OF PLAINTIFF'S PLED FACTS</u>

In his Complaint, Plaintiff alleges that Defendants violated his civil rights during the execution of an arrest warrant upon his residence on June 2, 2017. *See,* Plaintiff's Complaint (Doc. 1). Specifically, Plaintiff alleges that Defendants used excessive force and threats against him. *Id.*

Plaintiff alleges that on August 28, 2018, Appellees made an unreasonable search and seizure of the Plaintiff's person as well as used excessive force against him in a parking lot in Lehigh County, Pennsylvania during a separate but related incident.  *Id.*  Plaintiff alleges he was then taken to the Lehigh County Jail where

he was subjected to further violations of his rights by way false arrest and excessive force. *Id.*

Plaintiff clearly states that the alleged incident took place in Lehigh County, Pennsylvania. *Id.* He also lists Defendants address as addresses located within Lehigh County on the Civil Cover Sheet. *Id.* Lehigh County is located within the Eastern District of Pennsylvania and falls under the geographical jurisdiction of the Court of Appeals for the Third Circuit.

Plaintiff has not alleged that the civil action arises from a patent or plant variety protection. Plaintiff has also not alleged that the civil action arises from an issue involving internal revenue, international trade, commerce, natural gas, petroleum, or energy. These all being subject matter under the purview of the Court of Appeals for the Federal Circuit.

## V.   <u>LEGAL STANDARD</u>

The Courts of Appeals only have jurisdiction over final decisions of the District Courts. 28 U.S.C.S. § 1291. Motions for summary judgment are not final orders as they are pre-trial adjudications of certain issues that shall be deemed as established at trial. *Leonard v. Socony-Vacuum Oil Co.*, 130 F.2d 535, 536 (7th Cir. 1942). These appeals of a summary judgment motions should be dismissed as they are interlocutory and not reviewable by the court. *Id.*

A court may dismiss a complaint for improper venue under Pennsylvania Rule of Civil Procedure 12(b)(3). When ruling on a Rule 12(b)(3) motion, the Court "[…] accept[s] as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." *Kimmel v. Phelan Hallinan & Schmieg, PC,* 847 F.Supp.2d 753, 759 (E.D. Pa. February 28, 2012) (*quoting Bockman v. First Am. Mktg. Corp.,* 459 Fed. Appx. 157, 158 n.1 (3d Cir. 2012)). The defendant bears the burden of showing that venue is improper. *Myers v. American Dental Ass'n,* 695 F.2d 716, 724-25 (3d Cir. 1982).

In the alternative, pursuant to 28 U.S.C. § 1406(a)[1],

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

---

[1] The Third Circuit has explained that:

> In federal court, venue questions are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case. Thus, while either statute could theoretically provide a basis for the transfer of a case, only § 1406 can support a dismissal.

*Jamara v. State Farm Ins. Co.,* 55 F.3d 873, 878 (3d Cir. 1995).

As with a Rule 12(b)(3) motion to dismiss, the defendant bears the burden of establishing that venue is improper on a motion to dismiss or transfer under 28 U.S.C. § 1406(a). *Wojtunkik v. Kealy,* 2003 U.S. Dist. LEXIS 14734 *11 (E.D. Pa. August 26, 2003).

## VI.    <u>ARGUMENT</u>

This Court should dismiss this appeal pursuant to the final judgment rule. According to the final judgment rule, an Order granting or denying a motion for partial summary judgment is not an appealable order. *Leonard,* 130 F.2d at 356. The court may only hear appeals of cases where a final judgment is entered. Fed. R. Civ. Pro. R. 56. A motion for partial summary judgment is not a final judgment but merely a pre-trial adjudication serving to narrow the issues presented at trial. *Leonard,* 130 F.2d at 356. It is not dipositive of the underlying dispute giving rise to a complaint. Here, the only Order at issue before this Court is the denial of Plaintiff's Motion for Partial Summary Judgment. Since the Court's ruling on Plaintiff's motion was not dispositive of the controversy itself, it is not a final judgment, not appealable, and this Court should dismiss the instant appeal filed by Plaintiff.

Further, pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in,

> **(1)** a judicial district in which any **defendant resides**, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which **a substantial part of the events or omissions giving rise to the claim occurred**, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

(emphasis added). Plaintiff was therefore required to bring this action in the judicial district in which Defendants reside or the judicial district in which the alleged incident occurred. Both Defendants addresses and the location of the alleged incident are in Lehigh County, Pennsylvania which is located in the Eastern District of Pennsylvania.

It is clear that Plaintiff brought this action in the wrong venue based on the allegations in the Complaint. Plaintiff clearly states that the alleged incidents took place in "The Target store parking lot at 749 N. Krocks Rd., Allentown, PA …The Lehigh County Jail, 38 North Fourth Street, Allentown, PA…(and) Plaintiff's residence at 401 Tillage Rd., Breinigsville, PA 18031". *See,* Plaintiff's Complaint (Doc. 1). He also lists Defendants addresses on the Civil Cover Sheet as follows:

Joseph N. Hanna
455 west Hamilton Street, Room 253
Lehigh, Allentown, PA


John Does 1 and 2
455 West Hamilton Street, Room 253
Lehigh, Allentown, PA

County of Lehigh
17 South Seventh Street
Lehigh, Allentown, PA


Phillips Armstrong
17 South Seventh Street
Lehigh, Allentown, PA


Edgardo Colon
37 Grim Road
Lehigh, Breinigsville, PA


Upper Macungie Township
8330 Schantz Road,
Lehigh, Breinigsville, PA


Robert Ichbach
8330 Schantz Road
Lehigh, Breinigsville, PA


Stephen Marshall
37 Grim Road,
Lehigh, Breinigsville, PA


All addresses within Lehigh County and the Eastern District of Pennsylvania as

evidenced by Plaintiff's own contention they are within Lehigh County.

Therefore, Plaintiff's Complaint should be dismissed, or, in the alternative,

this matter should be transferred to the Eastern District of Pennsylvania.

## VII.  <u>CONCLUSION</u>

For all the reasons stated herein, Plaintiff's claims against Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) and 28 U.S.C. § 1291 or, in the alternative, venue should be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted,

**THE MACMAIN LAW GROUP, LLC**

Dated: <u>October 9, 2018</u>

By:  <u>*/s/ David J. MacMain*</u>
David J. MacMain
Attorney I.D. No. 59320
The MacMain Law Group, LLC.
433 W. Market St., Suite 200
West Chester, PA 19382
*Attorney for Defendants, Upper Macungie Township, Edgardo Colon, Sgt. Stephen Marshall and Robert Ibach*

By:  <u>/s/ David M. Backenstoe</u>
David M. Backenstoe, Esquire
ID No. 49473
17 South 7th Street
Allentown, PA 18101
*Attorney for Defendants, Joseph N. Hanna, John Doe 1 and John Doe 2, Phillips Armstrong, and Lehigh County*

# CERTIFICATE OF SERVICE

I, David J. MacMain, Esquire, hereby certify that on this 9th day of October, 2018, the foregoing *Brief in Support of Motion to Dismiss/Motion to Transfer* was filed electronically and is available for viewing and downloading from the ECF system of the United States Court of Appeals for the Federal Circuit.

*The following party received notification of this filing via first class mail:*

Edward Thomas Kennedy
401 Tillage Road
Breinigsville, PA 18031
*Pro Se Plaintiff*

**THE MACMAIN LAW GROUP, LLC**

Dated: October 9, 2018          By:     */s/ David J. MacMain*
                                        David J. MacMain
                                        Attorney I.D. No. 59320
                                        The MacMain Law Group, LLC.
                                        433 W. Market St., Suite 200
                                        West Chester, PA 19382
                                        *Attorney for Defendants, Upper*
                                        *Macungie Township, Edgardo Colon,*
                                        *Sgt. Stephen Marshall and Robert*
                                        *Ibach*

                                By:     */s/ David M. Backenstoe*
                                        David M. Backenstoe, Esquire
                                        ID No. 49473
                                        17 South 7th Street
                                        Allentown, PA 18101
                                        *Attorney for Defendants, Joseph N.*
                                        *Hanna, John Doe 1 and John Doe 2,*
                                        *Phillips Armstrong, and Lehigh*
                                        *County*